DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Jason Yarbour, appeals from the judgment of the Medina County Court of Common Pleas finding him guilty of one count of trafficking in marijuana, in violation of R.C.2923.03(A)(2), R.C. 2925.03(A)(1) and (C)(3)(a), a felony of the fourth degree. We affirm.
 {¶ 2} On June 5, 2003, Defendant was indicted by the Medina County Grand Jury on one count of trafficking in marijuana, in violation of R.C. 2923.03(A)(2), R.C. 2925.03(A)(1) and (C)(3)(a). A jury trial was held on December 15-17. The jury returned a guilty verdict as to the indictment. Defendant was sentenced to community controlled sanctions, including 180 days in jail and three years of intensive supervision by the Medina County Adult Probation Department. Defendant appealed his conviction, presenting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred by convicting and sentencing Defendant on a felony offense of the fourth degree, where the indictment was sufficient to charge only a felony offense of the fifth degree."
 {¶ 3} In his first assignment of error, Defendant argues that the trial court erred in convicting and sentencing him on a fourth degree felony. He alleges that the indictment was only sufficient to charge him with a fifth degree felony offense.
 {¶ 4} Defendant was indicted and found guilty of violating and R.C. 2923.03(A)(2), R.C. 2925.03(A)(1), and (C)(3)(a). The jury returned a special finding that the offense was committed within the vicinity of a juvenile, which under R.C.2925.03(C)(3)(b), is a felony in the fourth degree. Defendant maintains that he cannot be convicted of a felony in the fourth degree when the provisions of the Ohio Revised Code under which he was charged allow for a fifth degree felony.
 {¶ 5} Defendant's offense was stated in the indictment under R.C. 2925.03(A)(1)and (C)(3)(a) which provide:
"(A) No person shall knowingly do any of the following:
"(1) Sell or offer to sell a controlled substance; * * *
"(C) Whoever violates division (A) of this section is guilty of one of the following * * *
"(C) If the drug involved in the violation is marihuana * * * whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:
"(a)Except as otherwise provided in division (C)(3)(b), * * * trafficking in marihuana is a felony of the fifth degree[.]"
 {¶ 6} Defendant states that the indictment was insufficient to charge him with a felony in the fourth degree. Therefore, he claims, "the judgment of conviction should be reversed and remanded with instructions to find [Defendant] guilty of trafficking in marijuana in violation of R.C. 2925.03(A)(1) [and] (C)(3)(a) and R.C. 2923.03(A), a felony of the fifth degree."
 {¶ 7} Defendant was charged under R.C. 2925.03(A)(1) and (C)(3)(a), and under that statute, there are exceptions listed whereby the felony degree would be changed. Once such exception is listed as R.C. 2925.03 (C)(3)(b). This exception includes trafficking in the vicinity of a juvenile, which changes the trafficking offense from a fifth degree felony to a fourth degree felony. R.C. 2925.03(C)(3)(b) provides "if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree[.]"
 {¶ 8} While Defendant's indictment fails to specifically state R.C. 2925.03 (C)(3)(b), he had notice that he was being charged with a fourth degree felony for trafficking in the vicinity of a juvenile. The language in Defendant's indictment stated that the trafficking "took place in the vicinity of a juvenile, * * * a felony of the fourth degree."
 {¶ 9} The function of an indictment is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend. State v. Sellards (1985),17 Ohio St.3d 169, 170. A criminal indictment serves two purposes. First, an indictment "compels the government to aver all material facts constituting the essential elements of an offense," providing the accused adequate notice and the opportunity to defend the charges. State v. Childs (2000), 88 Ohio St.3d 194, 198. Second, the indictment, "by identifying and defining the offense, * * * serves to protect the accused from future prosecutions for the same offense." Id. In this case, the indictment made Defendant aware that he was being charged with a fourth degree felony, it told him the statutory section that had the applicable exception in it, and it stated that the reason for the exception was for trafficking in the vicinity of a juvenile. The plain language of the indictment put Defendant on notice that he was facing an enhanced penalty for trafficking in the presence of a minor.
 {¶ 10} The exceptions to R.C. 2925.03(C)(3)(a), the degree of the felony listed on the indictment, and the phrase "in the vicinity of a juvenile" stated on the indictment indicate that Defendant had adequate notice and was aware of the charges against him. The indictment indicates the elements of the offense, and is, therefore, sufficient to charge Defendant with a fourth degree felony. Childs, 88 Ohio St.3d at 198-199. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"There was insufficient evidence to support the jury's verdict, and Defendant's conviction for trafficking marijuana in the vicinity of a juvenile was against the manifest weight of the evidence."
 {¶ 11} In his second assignment of error, Defendant maintains that there was insufficient evidence to support the jury's verdict and that his conviction was against the manifest weight of the evidence. Specifically, he claims that the state failed to establish the essential elements of venue, identity, "sell or offer to sell," and "in the vicinity of a juvenile" in this case.
 {¶ 12} As an initial matter, this court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins,78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. On a sufficiency of the evidence review "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia
(1979), 443 U.S. 307, 319, 61 L.Ed.2d 560.
 {¶ 13} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v.Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5.
 {¶ 14} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier or fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 15} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility.Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 16} Defendant was convicted of trafficking in marijuana under R.C. 2923.03 (A)(2), R.C. 2925.03(A)(1) and (C)(3)(a), which makes it a felony to "knowingly * * * sell or offer to sell a controlled substance." The offense raises to the level of a fourth degree felony if the controlled substance was sold in the vicinity of a juvenile. Defendant argues that the State did not sufficiently prove his identity, that he had sold or offered to sell marijuana, or that he sold it in the vicinity of a juvenile. This court does not find that the jury acted against the manifest weight of the evidence in finding that Defendant sold marijuana in the vicinity of a juvenile.
 {¶ 17} At trial, Ron Struck testified that he went to Defendant's booth at the Medina County Fair and bought marijuana from Defendant. He testified that he paid Defendant $30.00 and received a baggie that contained an eighth of an ounce of marijuana. Struck identified Defendant in the courtroom and also from a prior photograph.
 {¶ 18} James Isenhart, a paid police informant, had approached Struck on the day in question asking to buy marijuana from him. Isenhart testified that he watched Struck go to Defendant's booth and return with marijuana. He identified Defendant in the courtroom as the person who supplied Struck with drugs. He also identified an early photograph of Defendant.
 {¶ 19} Mark Schoonover from the Drug Task Force testified that he was watching the dealings between Isenhart, Struck, and Defendant from a distance. He testified that he observed Struck approach Defendant at his booth at the fair. He did not see any money exchange hands, but did identify Defendant as the person whom Struck had approached after Isenhart had asked him to get marijuana. Defendant denies that he sold any marijuana to Struck, and further denies that the alleged sale was "in the vicinity of a juvenile."
 {¶ 20} R.C. 2925.01(BB) states that "[a]n offense is `committed within the vicinity of a juvenile' if that offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile[.]" Defendant did not need to know that there were juveniles around him to be found guilty of violating this provision; it is a strict liability offense.State v. Lozier, 101 Ohio St.3d 161, 164, 2004-Ohio-732, at ¶36, 39.
 {¶ 21} The evidence presented supports the jury's finding that juveniles were within 100 feet of Defendant at the time of the transaction. Struck testified that "[t]here's always kids at the Fair." Schoonover stated that there were many people at the fair at the date and time in question. Isenhart testified that there were kids around Defendant's stand at the time of the transaction.
 {¶ 22} From the evidence presented, the jury could find that Defendant sold marijuana in the vicinity of a juvenile. `"On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.'" State v. Wolery (1976),46 Ohio St.2d 316, 331, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Similarly, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony over the testimony of the Defendant, as in the instant case. See State v. Warren (1995),106 Ohio App.3d 753, 760.
 {¶ 23} Defendant further alleges that his conviction was against the manifest weight of the evidence because the State failed to establish jurisdiction and venue in this case. We disagree.
 {¶ 24} "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." State v.Headley (1983), 6 Ohio St.3d 475, 477, citing State v. Draggo
(1981), 65 Ohio St.2d 88, 90. The standard of proof is beyond a reasonable doubt, although "[v]enue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." State v. Hobbs (March 14, 1990), 9th Dist. No. 89CA004600, at 2, citing State v. Dickerson
(1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 25} In State v. Myers we held that venue had not been properly established where the only testimony as to where the crime was committed referenced a single street name. The evidence did not establish or even suggest what county that street may have been in. In fact, there was no evidence presented by the State as to where the assault took place in terms of city, county or state. See State v. Myers, 9th Dist. No. 21874, 2004-Ohio-4195.
 {¶ 26} In the case sub judice, the evidence discloses that the events in question occurred at the Medina County Fair. Testimony at trial pinpointed the location of the incidents in question as having occurred at the Medina County Fair. Numerous witnesses testified that the events occurred at the Medina County Fair.
 {¶ 27} While it would have been better practice for the State to have established venue in express terms at trial, and while we do not encourage this lax method of establishing venue in this case, it clearly appears from the evidence presented that the events in question occurred within Medina County.
 {¶ 28} We find that the facts and circumstances of this case establish venue. "The venue need not be proved in express terms, where the evidence is such in the state's case, that no other inference can be reasonably drawn by the jury." Dickerson,77 Ohio St. at 56. The jury, compromised of Media County residents, either knew the location of the fair or could infer that the Medina County Fair was located in Medina County. Defendant's conviction was not against the manifest weight of the evidence as we find that venue was properly established by the testimony, facts, and circumstances of this case.
 {¶ 29} When determining whether a conviction was against the manifest weight of the evidence, the appellate court decides whether the `"jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 83, quoting State v. Martin
(1983), 20 Ohio App.3d 172, paragraph three of the syllabus. This is not such a case. "This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at 9. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting defendant of trafficking of marijuana.
 {¶ 30} We find that Defendant's conviction was not against the manifest weight of the evidence. A determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Scupholm, supra, at 5. Having found above that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. Roberts, supra, at 8. Defendant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is not well taken. Defendant's second assignment of error is overruled.
 {¶ 31} We overrule Defendant's two assignments of error and affirm the judgment of the Medina County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.