DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant L.Y., a minor, has appealed his adjudication as a delinquent child from the Lorain County Court of Common Pleas, Juvenile Division. This Court affirms.
 I {¶ 2} On November 25, 2003, Appellant was charged with one count of complicity to robbery, in violation of R.C. 2911.02(A)(2). The complaint alleged that Appellant stole several X-Box games ("games") from The Record Exchange ("the store") in Elyria, Ohio, and that in so doing, inflicted, attempted to inflict, or threatened to inflict physical harm against two store employees during the course of the theft offense.
 {¶ 3} On March 16, 2004, a one-day adjudicatory hearing was held before a magistrate of the juvenile division of the Lorain County Court of Common Pleas. Appellant was adjudicated with two co-defendants, also minors. On April 14, 2004, the magistrate recommended that Appellant be adjudicated a delinquent child for complicity to robbery. Appellant objected to the magistrate's decision. On May 18, 2004, the trial court overruled Appellant's objections and entered judgment adjudicating Appellant a delinquent for complicity to robbery, and sentenced him to complete a community control case plan under the supervision of the Community Intervention Program.
 {¶ 4} Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred to the prejudice of appellant when it entered judgment of conviction, where such judgment was against the manifest weight of the evidence."
 {¶ 5} In his sole assignment of error, Appellant has argued that his adjudication was against the manifest weight of the evidence. Although not stated in his assignment of error, he has also argued that his adjudication was based on insufficient evidence. We disagree.
 {¶ 6} It is well established that a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley aka G-Money (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259,279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d paragraph two of the syllabus; see, also,Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (emphasis omitted).
 {¶ 8} Thus in determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 9} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 10} It is well established that proceedings in juvenile court are civil in nature. In re Agler (1969), 19 Ohio St.2d 70, 74. Even though civil, "[w]hen evaluating whether a judgment is against the manifest weight of the evidence in a juvenile court, the standard of review is the same as that in the criminal context." In re D.B., 9th Dist. Nos. 03CA0015-M 03CA0018-M, 2003-Ohio-4526, ¶ 20 citing In re Ozmun (Apr. 14, 1999), 9th Dist. No. 18983, at 3.
 {¶ 11} Appellant was convicted of complicity to robbery. The robbery statute is codified at R.C. 2911.02(A)(2) and states that:
"(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
"* * *
"(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 12} Complicity is codified at R.C. 2923.03 and states, in pertinent part, that:
"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
"* * *
"(2) Aid or abet another in committing the offense."
"* * *
"(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
 {¶ 13} It is well established that to prove that a person aided and abetted the commission of a crime, "the [S]tate must show that the defendant incited, assisted, or encouraged the criminal act." State v.Miller (Feb. 5, 1997), 9th Dist. No. 17776, citing State v. Woods
(1988), 48 Ohio App.3d 1, 6.
 {¶ 14} Appellant has argued that the State failed to prove the second element of robbery, namely that he inflicted, attempted to inflict, or threatened to inflict physical harm to another when he stole the games. In response, the State has argued that under a complicity theory, Appellant aided and abetted his codefendants in inflicting physical harm to employees of the store, and thus the second element of robbery was established.
 {¶ 15} Customers and employees of the store testified to the following at Appellant's adjudicatory hearing. Appellant and his two co-defendants were present at the store on November 23, 2003, when Appellant fled the store without paying for three games. As soon as Appellant ran from the store with the games, the co-defendants stood in the doorway of the store and prevented the store employees from apprehending Appellant and the stolen games. A physical fight ensued between one of the store clerks and one of Appellant's co-defendants. The second co-defendant did not participate in the fight, but ultimately picked up a stool and held it in a threatening manner towards the store employees. The second co-defendant also knocked over merchandise in the store and threw items around the store. Both co-defendants then escaped out the back door of the store.
 {¶ 16} Police officers who responded to the scene also testified at Appellant's adjudication. The officers testified that the co-defendants were apprehended by police and taken back to the store. The co-defendants were immediately identified by the store's employees as the two individuals who had been with Appellant, engaged in the fight with the employees, and then fled the store.
 {¶ 17} Appellant testified in his own defense and testified to the following. On November 23, 2003, he went to the store with his two co-defendants. Appellant stole the games. Appellant's co-defendants did not know that Appellant was going to steal the games. Appellant said "D Block" as he fled the store with the games.
 {¶ 18} Appellant's two co-defendants testified in their own defense. The two co-defendants testified to the following. Appellant and the two co-defendants came to the store to look at games, but the two co-defendants did know that Appellant was going to steal games. As Appellant was leaving the store with the games, he said something along the lines of "F____ this" and walked out without paying for the games. Immediately thereafter, one of the store employees grabbed one of the co-defendants by the throat and refused to let him leave the store. A fight quickly broke out between the two, and ultimately the second co-defendant picked up a stool and then threw some of the store property on the floor. Both codefendants testified that they fought with the store employees only because the employees refused to let them leave the store and that the employees instigated any physical altercation that occurred.
 {¶ 19} Our review of the record convinces us that the trial court, as the finder of fact, could reasonably infer that Appellant purposely encouraged his codefendants to block the exit of the store and thus inflict, attempt to inflict, or threaten to inflict physical harm against the store employees. Appellant and the co-defendants had arrived at the store together, and a trier of fact could reasonably infer that "D Block" was a request from Appellant that his co-defendants physically block the exit of the store thus facilitating Appellant's escape with the stolen property. Appellant's encouragement constitutes aiding and abetting which, when combined with Appellant's admission at trial that he stole the games, satisfies the elements of complicity to robbery.
 {¶ 20} Although there was conflicting testimony presented at trial by Appellant and his co-defendants, this Court has long held that we will not reverse a conviction as against the manifest weight of the evidence simply because the finder of fact believed one version of events over another. State v. Yarbour, 9th Dist. No. 04CA0008-M, 2004-Ohio-5444, at ¶ 29, citing State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at ¶ 9.
 {¶ 21} Based on the foregoing, this Court concludes that Appellant's adjudication was not against the manifest weight of the evidence. Further, as previously discussed, our conclusion that Appellant's adjudication was not against the manifest weight of the evidence is dispositive of the issue of sufficiency. Roberts, supra. Accordingly, Appellant's sole assignment of error lacks merit.
 III {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J., Concur