DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jason T. Myers, appeals the decision of the Lorain County Court of Common Pleas, which found him guilty of felonious assault.
 I. {¶ 2} On May 28, 2003, the Lorain County Grand Jury indicted appellant on one count of felonious assault, a violation of R.C. 2903.11(A)(1).
 {¶ 3} On February 27, 2004, appellant executed a jury trial waiver. On March 26, 2004, a bench trial was held and appellant was found guilty. Appellant was sentenced to a prison term of four years.
 {¶ 4} Appellant timely appealed, setting forth four assignments of error for review. Appellant's first two assignments of error have been combined and his third and fourth assignments re-arranged to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"APPELLANT'S CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 5} In his first two assignments of error, appellant avers that the trial court erred in denying his Crim.R. 29 motion for acquittal and that his conviction was against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} As a preliminary matter, this Court observes that sufficiency of the evidence and weight of the evidence are legally distinctive issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 7} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A), if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 8} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600;Thompkins, 78 Ohio St.3d at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 9} Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id.
 {¶ 10} In the present case, appellant was convicted of felonious assault pursuant to R.C. 2903.11(A)(1), which states, in relevant part: "No person shall knowingly * * * [c]ause serious physical harm to another * * * [.]" The charges were based on an incident that occurred at Gas U.S.A., a convenience store in Lorain.
 {¶ 11} Louis Hudak testified on behalf of the State. Mr. Hudak testified that on the night of March 22, 2003, he and his wife Ashley stopped at Gas U.S.A. to pick up some beer and cigarettes. Mr. Hudak testified that, as he exited the convenience store, he was approached by appellant's brother, Emery Scott. Mr. Hudak testified that he had no problems with Scott, but that Scott was trying to provoke him into a fight. Mr. Hudak testified that he put the two beers in his hand on top of his car and started to get into his vehicle. Mr. Hudak further testified that no one was between him and the car door. Mr. Hudak testified that the last thing he remembers is attempting to get into his car. When questioned regarding his injuries, Mr. Hudak stated that he sustained two breaks in his jaw which required surgery. Mr. Hudak testified that he had never seen appellant before the trial.
 {¶ 12} Ashley Hudak, the victim's wife, also testified on behalf of the State. When asked to do so, Mrs. Hudak identified appellant as the person who hit her husband, Louis Hudak. Mrs. Hudak testified that appellant hit her husband as Mr. Hudak was attempting to get into his vehicle. Mrs. Hudak stated that no other punches were thrown prior to appellant's punching Mr. Hudak. Mrs. Hudak further testified that appellant and Mr. Scott kicked her husband when he fell to the ground. When questioned regarding her husband's injuries, Mrs. Hudak stated that Mr. Hudak had a bloody mouth from being punched in the side of the face.
 {¶ 13} Kayla Hall testified on behalf of the defense. Ms. Hall testified that she went to Gas U.S.A. with Emery Scott, Jason Laycock, and appellant. Ms. Hall testified that Mr. Hudak hit appellant in the chest with his shoulder. Ms. Hall stated that after Mr. Hudak hit appellant in the chest, appellant hit Mr. Hudak in the face and Mr. Hudak fell to the ground. Ms. Hall further testified that Mr. Scott and appellant did not kick Mr. Hudak when he was on the ground.
 {¶ 14} The defense also called Emery Scott to testify on appellant's behalf. Mr. Scott testified that he went to Gas U.S.A. with Jason Laycock, Kayla Hall, and appellant on the night in question to buy some cigarettes. Mr. Scott stated that he saw Mr. Hudak upon exiting the store. Mr. Scott testified that he confronted Mr. Hudak and questioned him about some comments that Hudak made regarding Mr. Scott's brother Kenny. Mr. Scott stated that Mr. Hudak put down the beers he had in his hands and admitted to saying stuff about Kenny. Mr. Scott testified that Mr. Hudak then picked up his beers and tried to walk through him and appellant, putting his shoulder into appellant's chest. Mr. Scott testified that after Mr. Hudak put his shoulder into appellant's chest, Mr. Hudak called appellant a "nigger" and appellant punched Mr. Hudak in the right side of the face. Mr. Scott further testified that Mr. Hudak fell to the ground and then he and appellant got into their vehicle and left.
 {¶ 15} Lastly, appellant testified on his own behalf. Appellant testified that, on March 22, 2003, he went to Gas U.S.A. with Kayla Hall, Emery Scott, and Jason Laycock to buy some cigarettes. Appellant stated that he was in the vehicle when Mr. Hudak and Mr. Scott exited the store and the two began arguing. Appellant testified that he exited the vehicle when he saw the two men arguing. Appellant further testified that when the two men stopped arguing, Mr. Hudak picked up his beer and walked between appellant and Mr. Scott, shoulder-checking appellant in the chest and calling him a racial slur. Appellant testified it was at that point that he hit Mr. Hudak in the face. When asked whether he or Mr. Scott kicked Mr. Hudak when he fell to the ground, appellant testified that neither he nor Mr. Scott kicked Mr. Hudak.
 {¶ 16} This Court's review of the record convinces us that the trial court, as the finder of fact, could reasonably infer that appellant knowingly caused Mr. Hudak serious physical harm. Three witnesses testified that they saw appellant hit Mr. Hudak in the face. Appellant himself admitted to punching Mr. Hudak. As a result of the punch, Mr. Hudak's jaw was broken in multiple places that required surgery to repair. Appellant testified that he hit Mr. Hudak in self defense. Although there was conflicting testimony presented at trial as to the events leading up to and after the incident, this Court has long held that it will not reverse a conviction as against the manifest weight of the evidence simply because the finder of fact believed one version of events over another. State v. Yarbour, 9th Dist. No. 04CA0008-M,2004-Ohio-5444, at ¶ 29, citing State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940.
 {¶ 17} Based on the foregoing, this Court concludes that appellant's conviction was not against the manifest weight of the evidence. Further, as previously discussed, our conclusion that appellant's conviction was not against the manifest weight of the evidence is dispositive of the issue of sufficiency. Roberts, supra. Accordingly, appellant's first and second assignments of error lack merit.
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN IN-COURT DIALOGUE WITH APPELLANT CONCERNING WHETHER HE UNDERSTOOD THAT HE WAS WAIVING HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY."
 {¶ 18} In his fourth assignment of error, appellant argues that the trial court erred by accepting the waiver of the right to a jury, because the court did not personally conduct a colloquy with him and thereby inquire as to whether or not he was fully apprised of his right to a jury trial.
 {¶ 19} According to Crim. R. 23(A), a defendant may knowingly, intelligently and voluntarily waive his right to a jury trial. State v.Emch, 9th Dist. No. 20372, 2002-Ohio-3861, at ¶ 27. See, also, State v.Harris (Dec. 22, 1999), 9th Dist. No. 98CA007142. The waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." Id. However, "[a] trial court is not required to interrogate a defendant to determine their knowledge about their right to a jury trial." Emch at ¶ 27, quoting Harris. "While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." State v. Jells (1990), 53 Ohio St. 3d 22, 26.
 {¶ 20} Upon review of the record, this Court finds that appellant's waiver of his right to a jury trial complied with the requirements as set forth in R.C. 2945.05 and Crim. R. 23(A). The written jury waiver was signed by appellant on the date of the trial, witnessed by the trial judge, and filed with the Lorain County Court of Common Pleas. The record further shows that the court read appellant's waiver into the record at the commencement of the trial, and appellant's trial counsel acknowledged that appellant wished to waive his right to a jury trial.
 {¶ 21} In light of the fact that the waiver complied with the requirements of R.C. 2945.05 and Crim.R. 23(A), and that appellant, through counsel, assured the court that he was aware of his right and was knowingly waiving such right, this Court finds no error. Appellant's fourth assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 22} In his third assignment of error, appellant argues that his trial counsel was ineffective, thereby depriving him of his constitutional right to the effective assistance of counsel. Specifically, appellant argues that trial counsel was ineffective in that he failed to make any record of appellant's waiver of his right to a trial by jury. This Court disagrees with appellant's assertion that trial counsel was ineffective, so as to deprive appellant of his constitutional right to a fair trial.
 {¶ 23} To establish the existence of ineffective assistance of counsel, appellant must satisfy a two-pronged test:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Hoehn, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶ 43, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 24} Appellant bears the burden of proving that counsel's assistance was ineffective. Hoehn at ¶ 44, citing State v. Smith (1985),17 Ohio St.3d 98, 100. In this regard, there is a "strong presumption 
that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215. Upon review of the record, this Court finds that appellant has failed to meet the first prong of the test set out inStrickland, 466 U.S. at 687, because he has not demonstrated counsel's performance was deficient. As this Court has previously found in assignment of error four, no error exists with regard to the jury waiver. Counsel acted in compliance with R.C. 2945.05 and existing case law. Appellant's third assignment of error is overruled.
 III. {¶ 25} Appellant's four assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Moore, J., Concur.