DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Stanley J. Myers, Jr., appeals from the decision of the Summit County Court of Common Pleas denying his motion for judgment of acquittal based on insufficiency of evidence. We reverse.
 {¶ 2} On September 4, 2003, the Summit County Grand Jury issued an indictment against Defendant for felonious assault, a violation of R.C. 2903.11(A)(1). Defendant pled not guilty and proceeded to trial on the indictment. After the State had presented its evidence, Defendant moved for acquittal for failure to establish venue. The court overruled Defendant's motion. On November 4, 2003, the jury returned a guilty verdict. He was sentenced on November 25, 2003, to three years imprisonment. Defendant appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in denying [Defendant's] motion for acquittal based upon the state's failure to establish venue."
 {¶ 3} In his sole assignment of error, Defendant maintains that the trial court erred in denying his motion for judgment of acquittal based on insufficiency of evidence. Specifically, Defendant claims that the State did not prove venue beyond a reasonable doubt and therefore his conviction must be reversed. This court agrees.
 {¶ 4} "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." State v.Headley (1983), 6 Ohio St.3d 475, 477, citing State v. Draggo
(1981), 65 Ohio St.2d 88, 90. The standard of proof is beyond a reasonable doubt, although "[v]enue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." State v. Hobbs (March 14, 1990), 9th Dist. No. 89CA004600, at 2, citing State v. Dickerson
(1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 5} R.C. 2901.12(A) provides that: "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Accordingly, the rule is that the trial should take place in the same jurisdiction where the offense occurred. Headley,6 Ohio St.3d at 477.
 {¶ 6} A final disposition of Defendant's assignment of error depends upon the determination of whether any element of the crime was committed within Summit County thereby making that county a proper location for the trial. Defendant was convicted for violation of R.C. 2903.11(A)(1) which makes it a crime to knowingly "[c]ause serious physical harm to another[.]" Therefore, in order for Summit County to be a proper venue, the State must prove beyond a reasonable doubt that the "physical harm to another" occurred in Summit County.
 {¶ 7} The evidence presented established that (1) the victim lived on Arlington Avenue Northwest in North Canton, (2) he was at the Suburb Inn on Arlington Street where the incident occurred, (3) the victim was treated at Akron General Hospital, and (4) the incident was investigated by officers of the Akron Police Department. There was no evidence presented that Suburb Inn on Arlington Street was in Summit County. In fact, there was no evidence presented by the State as to where the assault took place in terms of city, county or state. Any suggestion in the record as to the victim's place of residence, where the victim was treated or which officers investigated the incident is irrelevant as it does not pertain to any element of R.C.2903.11(A)(1). See Headley, 6 Ohio St.3d at 478.
 {¶ 8} The very first tenet of prosecutorial practice is to establish identification and venue. The basic training of any prosecutor dictates that there are fundamental questions that are asked on direct examination on every criminal case. The first is: can you identify the defendant. The second is: in what city, county and state did this occur. These are fundamental questions. Leaving them to be shown by circumstantial evidence is risky at best or fatal as in this case.
 {¶ 9} Based upon the foregoing, this court finds that there is no proof that the offense of felonious assault occurred within Summit County. As such, the trial court erred in concluding that venue was established beyond a reasonable doubt and that this cause was properly venued in Summit County. Defendant's assignment of error is sustained.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., Boyle, J., Concur.