DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Toni J. Simmons has appealed from her convictions in the Summit County Court of Common Pleas of aggravated drug trafficking and aggravated drug possession. This Court affirms.
 I {¶ 2} On January 27, 2004, a secret indictment was filed against Appellant for four counts of aggravated drug trafficking, in the vicinity of juveniles, in violation of R.C. 2925.03(A)(1), felonies of the third degree; one count of having weapons while under disability, in violation of R.C. 2923.13(A)(4), a felony of the fifth degree; one count of aggravated drug possession, in violation of R.C. 2925.11(A), a felony of the fifth degree; and six counts of endangering children, in violation of R.C. 2919.22(A), misdemeanors of the first degree. Appellant pled not guilty to all charges on February 11, 2004.
 {¶ 3} On June 7, 2004, a jury trial commenced. The jury found Appellant guilty of three counts of aggravated drug trafficking without the juvenile specifications and one count of aggravated drug possession.[1]
 {¶ 4} Appellant has timely appealed her convictions, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in denying the appellant's motion for acquittal pursuant to [Crim.R. 29] because the [state] failed to establish that the alleged criminal offenses were committed by the appellant within the state of ohio."
 {¶ 5} In her sole assignment of error, Appellant has argued that the trial court erred in denying her Crim.R. 29 motion. Specifically, Appellant has asserted that the State failed to establish venue.[2] We disagree.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 7} Appellant was convicted of drug trafficking and drug possession. R.C. 2901.12(A) provides that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Accordingly, the rule is that the trial should take place in the same jurisdiction where the offense occurred. State v.Headley (1983), 6 Ohio St.3d 475, 477.
 {¶ 8} "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." Id., citing State v. Draggo (1981),65 Ohio St.2d 88, 90. The standard of proof is beyond a reasonable doubt, although "[v]enue need not be proved in express terms so long as it is established by all the facts and circumstances in the case." Statev. Hobbs (Mar. 14, 1990), 9th Dist. No. 89CA004600, at 2, citing Statev. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 9} Based on the statute and case law, the State in the instant matter was required to establish that Summit County was the proper venue to hear Appellant's case.
 {¶ 10} During the trial the State called Detective Matthew Cesareo of the Cuyahoga Falls Police Department ("CFPD"). He testified to the following. He worked in the CFPD narcotics unit. The money for controlled drug buys "comes from the drug fund from the City of Cuyahoga Falls." Det. Cesareo received information that Appellant was dealing methamphetamine from her home on Gorge Boulevard, in Akron, Summit County. A controlled buy took place on January 6, 2004 at Appellant's home on Gorge Boulevard. Surveillance teams observed Appellant drive to a home in Cuyahoga Falls to pick up the drugs. The following day another controlled buy occurred. It began at Appellant's residence and ended at the Holland Oil on Bailey Road and Munroe Falls Avenue. During that buy, Appellant was observed visiting a home on Giffels in Cuyahoga Falls.
 {¶ 11} Another controlled buy was set up at Appellant's residence, but she was unable to obtain any drugs for sale. She did, however, provide the confidential informant with drugs for his personal use. After a search warrant was procured, members of the Summit County Drug Unit conducted a search of Appellant's residence.
 {¶ 12} During cross-examination, Det. Cesareo testified to the following. Appellant lived in Akron. When asked why he, a CFPD member, was working Akron, Det. Cesareo responded that he had jurisdiction because it was a felony and he is able to go anywhere in the county.
 {¶ 13} Kenneth Ross ("Ross") of the Ohio Bureau of Criminal Identification and Investigation ("BCII") testified next for the State. He testified to the following. As a forensic scientist for the State, Ross tested the samples of drugs provided by the CFPD. Ross testified that he has testified in courts across Ohio in approximately three hundred cases.
 {¶ 14} Anthony Ferchau ("Ferchau") of BCII testified next for the State. He testified to the following. Ferchau works for BCII in Richfield, Ohio as a forensic scientist. He has qualified as an expert in Ohio courts.
 {¶ 15} Police officer Edward Vanadia of the CFPD testified to the following for the State. He was certified to be a police officer through the state of Ohio. Officer Vanadia was in the narcotics division, which was located in the state of Ohio. He conducted surveillance of the controlled drug buys. Officer Vanadia witnessed Appellant enter a residence at 2336 Giffels Avenue in Cuyahoga Falls. He also witnessed Appellant sell the confidential informant and Det. Cesareo drugs at the Holland Oil gas station on Bailey Road and Munroe Falls Avenue in Cuyahoga Falls. Officer Vanadia was present when the search was conducted at Appellant's home at Gorge Boulevard in Summit County.
 {¶ 16} At the close of the State's case, Appellant made a Crim.R. 29 motion "based on the fact that the prosecutor did not prove venue[.]" Appellant argued that while the State did establish "Akron, Summit County," it did not establish the state where the alleged crimes occurred. The trial court denied Appellant's motion. Appellant renewed her motion at the close of her case and the trial court denied the motion.
 {¶ 17} Appellant has asserted that her Crim.R. 29 motion should have been granted because the State failed to establish venue. Appellant cited our decision in State v. Myers, 9th Dist. No. 21874, 2004-Ohio-4195, in support of her argument. We are not persuaded by Appellant's argument.
 {¶ 18} In Myers, we found that the State failed to establish venue because the only testimony as to where the crime was committed referenced a single street name. The State failed to present evidence that the crime alleged occurred in Summit County. Specifically, we found that "there was no evidence presented by the State as to where the assault took place in terms of city, county or state." Myers, at ¶ 7. We find Myers
distinguishable from the instant matter because in the instant matter the State elicited testimony as to the cities and county where the alleged crimes occurred.
 {¶ 19} A review of the testimony shows that the State established that the drug sales occurred on Gorge Boulevard in Akron, Summit County and on Bailey Road and Munroe Falls Avenue in Cuyahoga Falls, Summit County. Testimony also showed that while obtaining the drugs, Appellant visited a home on Giffels Avenue in Cuyahoga Falls, Summit County. Further, testimony demonstrated that officers from Cuyahoga Falls, Summit County, BCII, an Ohio agency, and the Summit County Drug Unit were involved in the case.
 {¶ 20} While it would have been better practice for the State to have established that the drug sales occurred in Ohio in express terms, it clearly appears from the evidence presented that the events in question occurred in Summit County, Ohio.
 {¶ 21} We find that the facts and circumstances of this case establish venue. "The venue need not be proved in express terms, where the evidence is such in the state's case, that no other inference can be reasonably drawn by the jury." Dickerson, 77 Ohio St. at 56. The State presented evidence that the drug sales occurred within Summit County and based on the facts and circumstances of thetestimony no other inference could reasonably be drawn by the jury as to the state in which the drug sales occurred. See State v. Yarbour, 9th Dist. No. 04CA0008-M, 2004-Ohio-5444, at ¶ 28 (Holding that venue was established based on testimony of the crime occurring at the Medina County Fair, because "[t]he jury, comprised of Medina County residents, either knew the location of the fair or could infer that the Medina County Fair was located in Medina County.")
 {¶ 22} Based on the foregoing, we find that the evidence of venue was sufficient to sustain Appellant's convictions. Appellant's sole assignment of error is not well taken.
 III {¶ 23} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J., concur.
[1] Appellant was found not guilty of having weapons while under disability and not guilty of one of the counts of aggravated drug trafficking. Upon the State's recommendation, the trial court dismissed all of the endangering children charges.
[2] Appellant's sole issue on appeal is whether venue was properly established; therefore, this Court limits our review to that subject matter.