OPINION
{¶ 1} Defendant-appellant, Elijah U. Lahmann, appeals his conviction and sentence in the Fairfield Municipal Court for criminal damaging.
 {¶ 2} On November 16, 2005, Dan Lane was at his home at 5436 Lakeside Drive when at approximately 6:00 p.m., he and his mother heard a car pull up to their house. At first, Lane thought it was a friend whom he had invited to come over, but then Lane heard "a bunch of banging sounds." Lane looked out the window and saw appellant — whose sister *Page 2 
Lane had once dated — "trying to punch out [Lane's] car window with his fist."
 {¶ 3} Lane ran outside, with his mother following him, and saw appellant kicking the car. Upon seeing Lane, appellant started to run after him, threatening to "kick his ass." Lane retreated to his house, pushing his mother back inside. When Lane's father came outside, apparently in response to the shouting, appellant ran down the street, jumped in a truck, and drove off.
 {¶ 4} On December 19, 2005, appellant was arrested and charged with one count of criminal damaging in violation of Fairfield Codified Ordinance ("FCO") 541.03(a)(1), a misdemeanor of the second degree, and one count of menacing in violation of FCO 537.06(a), a misdemeanor of the fourth degree.
 {¶ 5} On March 2, 2006, appellant's case was tried to an acting judge of the Fairfield Municipal Court. The only witness called by the city of Fairfield was Lane, who testified to the facts related above. Appellant testified that he "wasn't in Fairfield that day at all."
 {¶ 6} At the close of evidence, the trial court found appellant not guilty of menacing, but guilty of criminal damaging. The trial court sentenced appellant to 90 days in the county jail, with 85 of those days suspended; imposed a $750 fine, with $500 suspended; and ordered appellant to serve two years of probation.
 {¶ 7} Appellant now appeals his conviction and sentence for criminal damaging and assigns the following as error:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "A DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THAT COUNSEL'S REPRESENTATION WAS PROFESSIONALLY UNREASONABLE, IS PREJUDICIAL TO DEFENDANT, AND FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS." *Page 3 
 {¶ 10} Appellant argues that his trial counsel provided him with constitutionally ineffective assistance by failing to raise a Crim.R. 29 motion for acquittal based on the city's failure to present sufficient evidence of venue. We agree with this argument.
 {¶ 11} In order to prevail on an ineffective assistance of counsel claim, a criminal defendant must make the two-pronged showing set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, a defendant must show that his counsel's performance was "deficient." Id. at 687. This requires showing that counsel's performance "fell below an objective standard of reasonableness." Id. at 688. Second, a defendant must show that his counsel's deficient performance prejudiced him. Id. at 687. This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A failure to make a sufficient showing on either the "performance" or "prejudice" prong of the Strickland standard will doom a defendant's ineffective assistance of counsel claim. Id. at 697.
 {¶ 12} Crim.R. 29(A) states in pertinent part that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." A court may not grant a Crim.R. 29(A) motion for acquittal if the evidence demonstrates that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Miley (1996), 114 Ohio App.3d 738, 742, citing State v. Bridgeman (1978), 55 Ohio St.2d 261, 263.
 {¶ 13} In ruling on a Crim.R. 29 motion for acquittal, the trial court is obligated to view the evidence in a light most favorable to the prosecution. Miley. It has been suggested that defense counsel should always raise a motion for acquittal at the close of the prosecution's *Page 4 
case and renew the motion at the close of all the evidence,[1] since it is generally held that a defendant may not challenge the sufficiency of the evidence on appeal unless he has moved for acquittal at trial.State v. McCloud, Stark App. No. 2005-CA-00282, 2006-Ohio-5317, ¶ 12.
 {¶ 14} "`Venue' commonly refers to the appropriate place of trial for a criminal prosecution * * * as between different geographical subdivisions within a state[.]" State v. Shrum (1982),7 Ohio App.3d 244, 245, fn. 2. See, also, State v. Williams (1988), 53 Ohio App.3d 1,5. By contrast, "jurisdiction" refers to the power of a court to hear and determine a case on its merits. Schrum; Oakwood v. Ferrante (1975),44 Ohio App.2d 318, 320.
 {¶ 15} Crim.R. 18(A) specifies that venue or the place of trial in a criminal case "shall be as provided by law." Section 10, Article I of the Ohio Constitution guarantees a criminal defendant the right to a trial in the "county in which the offense is alleged to have been committed[.]" This right is codified in R.C. 2901.12(A), which provides that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 16} "The purpose of the venue requirement is to give the defendant the right to be tried in the vicinity of the alleged criminal activity, and to limit the state from indiscriminately seeking a favorable location for trial that might be an inconvenience or disadvantage to the defendant." State v. Rankin, Clinton App. No. CA2004-06-015,2005-Ohio-6165, ¶ 11, citing State v. Gentry (M.C. 1990),61 Ohio Misc.2d 31, 34. See, also, State v. Meridy, Clermont App. No. CA2003-11-091, 2005-Ohio-241, ¶ 12, also citing Gentry.
 {¶ 17} Venue is not a material element of any offense charged.State v. Smith, 87 Ohio St.3d 424, 435, citing State v. Headley (1983),6 Ohio St.3d 475, 477. Indeed, the *Page 5 
elements of the offense charged and the issue of the proper venue of the matter are separate and distinct. State v. Draggo (1981),65 Ohio St.2d 88, 90. Nevertheless, venue is a fact that must be proven beyond a reasonable doubt. Smith, 87 Ohio St.3d at 435, citing Headley,6 Ohio St.3d at 477. While venue is neither a jurisdictional issue nor a material element of any criminal offense, venue is considered to be a "personal privilege," and as such may be waived by the accused.State v. McCartney (1988), 55 Ohio App.3d 170.
 {¶ 18} Trial courts have broad discretion to determine the facts that would establish venue. State v. Taberner (1989), 61 Ohio App.3d 791,793. Venue need not be proven in express terms; it may be established either directly or indirectly by all the facts and circumstances of the case. Headley, 6 Ohio St.3d at 477. If venue is not proven beyond a reasonable doubt, the defendant cannot be convicted unless he has waived this right. Taberner at 793, citing, among others, State v. Nevius
(1947), 147 Ohio St. 263, paragraph three of the syllabus.
 {¶ 19} When the prosecution fails to prove venue with respect to a charged criminal offense, the defendant is entitled to be discharged from that offense. See, e.g., State v. Trantham (1969),22 Ohio App.2d 187, 189-190; State v. Gardner (1987), 42 Ohio App.3d 157, 158; andState v. Myers, Summit App. No. 21874, 2004-Ohio-4195.
 {¶ 20} In this case, we conclude that the failure of appellant's trial counsel to raise a Crim.R. 29 motion for acquittal at the close of the city's case constituted ineffective assistance of counsel underStrickland. Specifically, trial counsel's failure to raise a Crim.R. 29 motion and to argue that the city failed to prove venue, is conduct that "fell below an objective standard of reasonableness,"Strickland, 466 U.S. at 688, and "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id. at 694.
 {¶ 21} The only evidence the city presented in this case that could have arguably *Page 6 
proven venue was that the incident took place at 5436 Lakeside Drive. However, the city failed to adduce any evidence at trial regarding the city, county, or state in which 5436 Lakeside Drive is located. Several courts that have been confronted with similar circumstances have indicated that a street name, standing alone, is insufficient to establish venue.
 {¶ 22} For instance, in Trantham, 22 Ohio App.2d 187, the Clermont County Court of Appeals[2] found that evidence that "the alleged crime was committed in a house next to Siebert Apartments in Perintown on U.S. Route 50" was insufficient to prove venue where there was "no evidence that Perintown, the house, Siebert Apartments or U.S. Route 50 is in Clermont County or the state of Ohio." Id. at 189-190.
 {¶ 23} In State v. Giles (App. 1974), 68 O.O.2d 142, the court, citingTrantham, found insufficient evidence of venue where the state failed to present adequate proof that the address of a building where the defendant was apprehended, i.e., 5850 Robison Road, was in Hamilton County, Ohio. The court made this ruling even though other testimony at trial established that another apartment, which had been recently burglarized, was located at 5842 Robison Road, which address was established as being in Cincinnati, in Hamilton County, Ohio. Id. at 142-143.
 {¶ 24} In Gardner, 42 Ohio App.3d 157, the defendant was charged with assaulting the owner of a restaurant. The court found that the only clues as to the location of the offense were that the restaurant was located at "`1412 Vine' across the street from the Red Horse Bar at `the corner next to Krogers,' and that defendant lived at 28 East Thirteenth Street `right around the corner from Krogers.'" Id. The court found that these facts were "not sufficiently unique to permit the conclusion that the restaurant was in Hamilton County, Ohio." *Page 7 
Id. at 157-158. The court also found that even though the defendant did not call the venue issue to the trial court's attention, the state's failure to establish venue constituted plain error pursuant to Crim.R. 52(B). Consequently, the court reversed defendant's conviction and ordered him discharged from that offense. Gardner at 158.
 {¶ 25} In Myers, 2004-Ohio-4195, the court noted that while there was evidence presented by the state showing that the alleged assault occurred at the Suburb Inn on Arlington Street, there was no evidence presented as to where the offense took place in terms of a city, county, or state. Id. at ¶ 7. Thus, the Myers court essentially held that the state could not establish venue with reference to a single street name. Id. Cf., State v. Simmons, Summit App. No. 22221, 2005-Ohio-1469, ¶ 18
(finding Myers distinguishable where the state elicited testimony as to the cities and county where the alleged crimes occurred), and State v.Brown, Mahoning App. No. 03-MA-32, 2005-Ohio-2939, ¶ 82 (where evidence showed that defendant lived on Market Street, and police officer who arrested defendant at defendant's address works street duty in Youngstown, jurors could infer that crime occurred in Youngstown, in Mahoning County, Ohio).
 {¶ 26} The city concedes that it did not specifically have the victim in this case, Lane, testify that the events giving rise to the criminal damaging charge took place in Fairfield, Butler County, Ohio. Nevertheless, the city points out that Lane testified that all of the events that constituted the crime took place at 5436 Lakeside Drive, which is a street in Fairfield, Butler County, Ohio. The city then asserts that it is a matter of "common knowledge" that Lakeside Drive is within the boundaries of Fairfield, and that the trial court "took judicial notice that Lakeside Drive [i]s within its boundaries." We disagree with these assertions.
 {¶ 27} Evid.R. 201 governs judicial notice of "adjudicative facts," i.e., the facts of the case. Evid.R. 201(A). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court *Page 8 
or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). A court may take judicial notice, whether requested or not, Evid.R. 201(C), and must take judicial notice if requested by a party and supplied with the necessary information that would allow it to do so. Evid.R. 201(D). Additionally, a court may take judicial notice at any stage of the proceedings. Evid. R. 201 (F).
 {¶ 28} However, as one court has noted, if a trial court takes judicial notice of such matters as geographical locations and relationships in the absence of any evidence, stipulation or concession, the court should specify on the record in express terms that of which it is taking judicial notice. State v. Davis (Feb. 2, 1983), Hamilton App. No. C-820231. Requiring a trial court to do so is fair and appropriate in light of Evid.R. 201(E), which states that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."
 {¶ 29} In this case, the city never asked the trial court to take judicial notice that 5436 Lakeside Drive is in Fairfield, Butler County, Ohio, as the city was permitted to do under Evid.R. 201(D). Additionally, there is nothing in the record to show that the trial court expressly took judicial notice of this fact, as it was permitted to do under Evid.R. 201(C); consequently, appellant never had an opportunity to be heard at trial on this issue, as required by Evid.R. 201(E).
 {¶ 30} Furthermore, the cases cited by the city in support of its claim that the trial court could have taken judicial notice that Lakeside Drive is in Fairfield, Butler County, Ohio, are readily distinguishable from the case sub judice. For instance, in State v.Barr, 158 Ohio App.3d 86, the court found that a police officer's testimony "describing the intersections of streets and towns" involved in the officer's chase of a defendant was sufficient evidence to prove venue beyond a reasonable doubt. Id. at 92-93. Thus, Barr did not involve a case like *Page 9 
the one involved here, where the only evidence of venue is a single street address.
 {¶ 31} The city also cites State v. Shuttlesworth (1995),104 Ohio App.3d 281, which found that the state presented sufficient evidence of venue when it demonstrated that the crime had occurred in the city of Cadiz, in Harrison County, Ohio. Id. at 287. However, theShuttlesworth court stated, "We agree that evidence as to one specific address, the VFW parking lot, would not necessarily support a conclusion that venue had been established." Id. at 286-287.
 {¶ 32} Furthermore, we also reject the city's contention that the trial court was able to take judicial notice that the offense took place in Fairfield, Butler County, Ohio, because all the events giving rise to the charges against him took place on a "Lakeside Drive" and it is a matter of "common knowledge" that this street is in Fairfield, in Butler County. In this regard, we agree with appellant's contention that it is a matter of "[c]ommon knowledge * * * that there are multiple streets with the same name located in different jurisdictions, counties, and cities."
 {¶ 33} Thus, even if it can be said that it is a matter of common knowledge that there is a Lakeside Drive in Fairfield, Butler County, Ohio, it certainly cannot be said it is a matter of common knowledge that there exists a 5436 Lakeside Drive in Fairfield, Butler County, Ohio, since that specific address may actually exist on a different Lakeside Drive in some other jurisdiction.
 {¶ 34} In light of the foregoing, we conclude that testimony showing that an offense occurred at a particular street address, standing alone, is generally insufficient to prove venue, since such addresses often are not "sufficiently unique" to permit the conclusion that the address is located in a particular city or county. Consequently, the trial court could not take judicial notice pursuant to Evid.R. 201(B)(1) that the crime occurred in Fairfield, Butler County, Ohio, simply on the basis that the evidence showed the offense took place at the *Page 10 
specific address of 5436 Lakeside Drive, because it is not generally known within the trial court's jurisdiction that that specific address is in Fairfield, in Butler County, Ohio. See Trantham,22 Ohio App.2d at 189-190; Giles, 68 O.O.2d at 142-143; Gardner, 42 Ohio App.3d 157-158;Myers, Summit App. No. 21874 at ¶ 7; and Shuttlesworth,104 Ohio App.3d at 286-287.
 {¶ 35} We also note that the city has made no argument with respect to whether the trial court could have taken judicial notice of the fact that 5436 Lakeside Drive is within the boundaries of Fairfield, in Butler County, Ohio, pursuant to Evid.R. 201(B)(2), which recognizes that judicially noticed facts include those that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."
 {¶ 36} Generally, a map of Fairfield would show there is a Lakeside Drive that is entirely within the city's jurisdictional limits. However, these maps usually will not show the specific street addresses on Fairfield's Lakeside Drive. Consequently, these maps will not establish whether a specific address on that street is actually located within Fairfield, Butler County, Ohio, and not in some other jurisdiction that also has a Lakeside Drive.
 {¶ 37} A resort to the records of the county's recorder's office would reveal this type of information with respect to the specific address given in this case. However, one court of appeals has found that a trial court was not allowed to take judicial notice pursuant to Evid. R. 201(B) that the plaintiffs in a taxpayer suit were property owners and taxpayers of a certain city and school district by reference to the records in the county recorder's office. Country Club Hills HomeownersAssn. v. Jefferson Metro. Housing Auth. (1981), 5 Ohio App.3d 77, 79. That court stated in pertinent part as follows:
 {¶ 38} "There is no evidence in the record of this case that proves that plaintiffs were property owners and taxpayers of Jefferson County. When defense counsel called this fact to the attention of the trial court, counsel for plaintiffs asked the trial court, pursuant to Evid.R. *Page 11 
201(D), to take judicial notice that the plaintiffs are property owners pursuant to Evid.R. 201(B)[.] * * *
 {¶ 39} " * * *
 {¶ 40} "Counsel for plaintiffs argued that the question whether plaintiffs were property owners and taxpayers of Jefferson County could be readily determined at the county recorder's office in the courthouse.
 {¶ 41} "The trial court in its `Findings of Fact' found that plaintiffs were property owners and taxpayers of the city of Steubenville and the Indian Creek School District but did not state the basis of such finding.
 {¶ 42} "We hold that placing the burden on the trial judge to check the records of the county recorder's office to determine whether plaintiffs were property owners and taxpayers is not `capable of * * * ready determination' within the meaning of Evid.R. 201 (B). The burden of proof is on the plaintiffs and not on the trial judge. All that was necessary was for some plaintiffs to testify that they were property owners and taxpayers.
 {¶ 43} "Therefore, we hold that the trial judge could not take judicial notice that plaintiffs were property owners and taxpayers under the facts of this case." Country Club Hills Homeowners Assn.,5 Ohio App.3d at 79.
 {¶ 44} It must be noted that Country Club Hills Homeowners Assn. was decided in 1981, and it has arguably become easier to access the records of the county recorder's office via the internet. Nevertheless, while access to those records may be easier, it still does not render any information that a court may be able to obtain over the internet "capable of * * * ready determination" within the meaning of Evid.R. 201(B). As stated in Country Club Hills Homeowners Assn., "[a]ll that was necessary was for some plaintiffs to testify that they were property owners and taxpayers." In this case, all that was necessary to prove venue was for the city to have Lane testify that 5436 Lakeside Drive is in Fairfield, Butler County, Ohio. *Page 12 
 {¶ 45} In light of the foregoing, we conclude that appellant has met his heavy burden under both the performance and prejudice prongs of theStrickland standard. Specifically, the failure of appellant's counsel to raise a Crim.R. 29 motion for acquittal at the close of the city's evidence "fell below an objective standard of reasonableness," and but for counsel's error, the outcome of the proceedings would have been clearly different, i.e., appellant would have been acquitted on the ground that the city failed to prove venue, as it was required to do in order to obtain a conviction. Smith, 87 Ohio St.3d at 435, citingHeadley, 6 Ohio St.3d at 477.
 {¶ 46} Appellant also argues that his trial counsel provided him with ineffective assistance by failing to file a timely notice of alibi with respect to a number of witnesses who were allegedly willing to testify that appellant was not in Fairfield on the day in question. However, this argument has been rendered moot as a result of our ruling on the issue of venue. See App.R. 12(A)(1)(c).
 {¶ 47} Appellant's first assignment of error is sustained.
 {¶ 48} Assignment of Error No. 2:
 {¶ 49} "THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE DEFENDANT WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO FIND DEFENDANT GUILTY."
 {¶ 50} Assignment of Error No. 3:
 {¶ 51} "THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE DEFENDANT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 {¶ 52} In his second and third assignment of error, appellant argues that his conviction and sentence for criminal damaging are against the sufficiency and manifest weight of the evidence. However, both of these arguments have been rendered moot as a result of our *Page 13 
disposition of appellant's first assignment of error. See App.R. 12(A)(1)(c).
 {¶ 53} The trial court's judgment is reversed and defendant is ordered discharged from the offense of criminal damaging.
POWELL, P.J. and YOUNG, J., concur.
[1] See Hagel, Ohio Criminal Practice and Procedure (2006-07 Ed.) 507, Section 25.101 ("Defense counsel should always move for judgment of acquittal at the close of the state's case and renew the motion at the close of all the evidence.")
[2] At the time Trantham was decided, Clermont County was in the First District Court of Appeals. Clermont County is now in the Twelfth District Court of Appeals. *Page 1