[Cite as *State v. Graves*, 2012-Ohio-4798.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    26292 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RALPH E. GRAVES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 11 02 0393 |

DECISION AND JOURNAL ENTRY

Dated: October 17, 2012

BELFANCE, Judge.

{¶1} Ralph Graves appeals from his convictions for aggravated robbery and felonious assault. For the reasons set forth below, we affirm.

I.

{¶2} Scott Stewart and Andrew Finley were smoking outside the Adams Street Bar when a man approached them and asked for directions to Spellman Court. Mr. Stewart and Mr. Finley were unable to help the man, and he left. He returned a short time later, struck Mr. Finley in the face with a gun, and demanded Mr. Stewart hand over his money. Mr. Stewart emptied his pockets and the robber took his wallet and his keys.

{¶3} A few days after the robbery, Deidre Scott contacted the police to report that her cousin, Mr. Graves, had stolen money from her. When the police came to take a report, Ms. Scott reported that, a few days earlier, Mr. Graves had come to her house and told her that he had just robbed two men outside the Adams Street Bar.

{¶4} Mr. Graves was indicted for felonious assault and two counts each of aggravated robbery and robbery with an underlying firearm specification on each count. A jury found him guilty on all counts, and the trial court, after merging the robbery counts with the aggravated robbery counts, sentenced Mr. Graves to an aggregate term of 13 years in prison.

{¶5} Mr. Graves has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL, AND HIS CONVICTION IS VOID, WHERE THE STATE FAILED TO ESTABLISH VENUE IN SUMMIT COUNTY.

{¶6} In Mr. Graves' first assignment of error, he argues that his convictions are void because the State failed to establish that he committed the crimes in Summit County, Ohio.

> Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant. The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case.

(Internal citation omitted.) *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). Relying on *State v. Myers*, 9th Dist. No. 21874, 2004-Ohio-4195, Mr. Graves argues that there was insufficient evidence to demonstrate that the robberies occurred in Summit County, Ohio.

{¶7} The evidence in *Myers* established that "(1) the victim lived on Arlington Avenue Northwest in North Canton, (2) he was at the Suburb Inn on Arlington Street where the incident occurred, (3) the victim was treated at Akron General Hospital, and (4) the incident was investigated by officers of the Akron Police Department." *Id*. at ¶ 7. However, this Court concluded that the State had failed to establish venue because "[t]here was no evidence presented

that [the] Suburb Inn on Arlington Street was in Summit County. In fact, there was no evidence presented by the State as to where the assault took place in terms of city, county or state." *Id.*

{¶8} Unlike *Myers*, however, the State in this case established that the crimes occurred in Summit County, Ohio. When asked if "the Adams Street Bar is located in the city of Akron, Summit County, Ohio[,]" Officer Karleton Starks answered affirmatively. Ms. Scott testified that she lived on Spellman Court, which she identified on a map the State introduced into evidence. Ms. Scott testified that the map showed her house and the Adams Street Bar where the crimes occurred. The map is captioned "United States[,] OH[,] Summit Co[,] Akron[.]" Furthermore, Mr. Finley, who lived above the bar, also referenced living in Akron at the time of the robbery, and Officer Dana Murphy testified that the Adams Street Bar and Spellman Court were within the district she patrolled as part of her duties for the Akron Police Department. Numerous witnesses also testified that a hospital was just down the street from the bar, which Detective Jason Hill testified was Akron City Hospital.

{¶9} Accordingly, we conclude that the State sufficiently established venue, and, thus, Mr. Graves' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS ARE UNCONSTITUTIONAL AS THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND SIXTEEN OF THE OHIO CONSTITUTION, AND SECTION 2921.12(A)(1) OF THE REVISED CODE.

{¶10} Mr. Graves argues that his convictions for aggravated robbery and felonious assault are supported by insufficient evidence and are against the manifest weight of the evidence. He reiterates his venue argument, but, as we concluded above, his argument is without merit. He also argues that the State failed to establish that he was the person who robbed and

assaulted Mr. Stewart and Mr. Finley. Because Mr. Graves limits his arguments to the issue of identity, we confine our analysis accordingly.

{¶11} In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 274 (1991). Furthermore:

> [a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, the appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶12} Mr. Stewart testified that he and Mr. Finley were smoking outside the Adams Street Bar when a man wearing dark sweat pants and a dark hoodie approached them and asked for directions to Spellman Court. Mr. Stewart was unable to give him directions but suggested that someone on the bar's patio might know. The man walked away from Mr. Stewart and Mr. Finley, and they resumed their conversation. The man returned and pistol-whipped Mr. Finley in the face, breaking his nose. Mr. Stewart testified that Mr. Finley fell to the ground before getting up and running into the bar. According to Mr. Stewart, he heard what sounded like a gunshot, and then the man then pointed the gun at him and demanded his money. Mr. Stewart complied,

giving the man his wallet as well as his car keys, and the man told him to go back in the bar, which he did.

{¶13} Similarly, Mr. Finley testified that he was smoking outside the Adams Street Bar with Mr. Stewart when a man in a black or dark-blue hoodie approached them and asked if they could give him directions to Spellman Court. The man walked away but returned soon after and pistol-whipped Mr. Finley. He fell to the ground. When he had recovered, he got to his feet and ran into the bar.

{¶14} Ms. Scott testified that, at the time of the robbery, she lived on Spellman Court. According to Ms. Scott, Mr. Graves came to her house late at night wearing a black hoodie and told her that he had just robbed two people up the street outside a bar. She testified that he pulled out a gun and told her that he had hit one of the people in the face with it. He also told her that he tried to shoot the gun, but it jammed. She also testified that, as he spoke to her, Mr. Graves had keys in his hand that he claimed to have acquired during the robbery.

{¶15} Mr. Stewart and Mr. Finley both testified that a man wearing a dark hoodie came up to them while standing outside a bar and asked for directions to Spellman Court. They also both testified that the man hit Mr. Finley with the gun, and Mr. Stewart testified that the man took his wallet and his car keys. According to Ms. Scott, Mr. Graves told her that he had robbed two people outside of a bar, hitting one with a gun, and taking a set of keys from one of the people. Viewed in the light most favorable to the State, there was sufficient evidence to conclude that Mr. Graves robbed Mr. Stewart and Mr. Finley.

{¶16} Mr. Graves argues that his convictions were against the manifest weight of the evidence because Mr. Stewart and Mr. Finley could not identify him as the man who robbed them and because Ms. Scott was not a credible witness. According to Mr. Graves, Ms. Scott's

testimony lacks credibility because she wanted to get back at him for stealing money from her. However, as Mr. Graves notes in his brief, the jury was well-aware of Ms. Scott's potential bias against Mr. Graves. She testified at length about Mr. Graves stealing money from her, Mr. Graves' attorney thoroughly cross-examined her on the issue, and Mr. Graves testified that Ms. Scott was upset because he had stolen money from her. Furthermore, Mr. Stewart and Mr. Finley testified that the robber had asked for directions to Spellman Court, which was where Ms. Scott lived at the time, and Mr. Graves testified that he was unfamiliar with Akron and that he often needed directions to find his way around.

{¶17} Mr. Graves suggests that Ms. Scott merely heard the details of the robbery and then told the police a story inserting him in as the robber. However, in weighing the evidence and assessing credibility, the jury could have found it significant that the robber asked Mr. Stewart and Mr. Finley for directions to Spellman Court, which is where Ms. Scott lived and where Mr. Graves was staying. Having reviewed the record, we cannot conclude that the jury lost its way when it determined that Mr. Graves was the man who robbed Mr. Stewart and Mr. Finley. Accordingly, we cannot say that Mr. Graves' convictions are against the manifest weight of the evidence.

{¶18} Mr. Graves' second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED CHARACTER EVIDENCE, EVIDENCE OF OTHER ACTS, AND IRRELEVANT EVIDENCE AGAINST APPELLANT.

{¶19} Mr. Graves argues that the trial court committed plain error when it allowed Ms. Scott to testify that he stole money from her and that other male members of her family had committed crimes.

{¶20} Mr. Graves asserts that Ms. Scott's testimony that he stole money from her was impermissible evidence of other acts. *See* Evid.R. 404(B). However, Mr. Graves admitted to stealing money from Ms. Scott, and his attorney cross-examined her on this point at length. Far from being prejudicial, most of Mr. Graves' defense centered on the fact that he stole money from her and, therefore, her testimony was not credible, a position he reargues in his second assignment of error. Based on the facts of this case, we cannot say that the admission of the testimony affected Mr. Graves' substantial rights. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

{¶21} Mr. Graves also argues that Ms. Scott's references to the legal troubles of her cousin and her brother were improper. His precise argument is unclear, but he appears to suggest that this is character evidence prohibited by Evid.R. 404(A). Because Mr. Graves' counsel did not object to the testimony, he has forfeited all but plain error on review. *See* Crim.R. 52(B). To establish plain error,

> "[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights[ ]' [to the extent that it] * * * affected the outcome of the trial."

*State v. Hardges*, 9th Dist. No. 24175, 2008–Ohio–5567, ¶ 9, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). However, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶22} Initially, we note that Ms. Scott's testimony is not character evidence against Mr. Graves but, rather, about her brother and another cousin. Furthermore, Mr. Graves, in explaining that he had come to Akron to attend Ms. Scott's brother's trial, also testified that Ms. Scott's

brother was facing criminal charges, and Ms. Scott's reference to the older cousin was fleeting. Thus, given the testimony, Mr. Graves has not explained how it was improper under Evid.R. 404. Even assuming that Ms. Scott's testimony was improper, we cannot say that the brief reference affected the outcome of the trial or caused a manifest miscarriage of justice. *Barnes* at 27; *Long* at paragraph three of the syllabus.

**{¶23}** Mr. Graves also suggests that Ms. Scott's testimony that, "if you don't tell, it's just going to keep happening, and * * * crimes will continue to be committed[]" was improperly admitted because it referred to his family members. However, Ms. Scott was responding to the prosecutor's question about why she felt compelled to report Mr. Graves' involvement in the Adams Street Bar robbery, and her response, when read in context, is clearly about her feeling that it is a civic duty to report crimes generally rather than a statement that her family will continue to commit crimes. Thus, in this case, we cannot say that this testimony prejudicially affected Mr. Graves' substantial rights. *See* Civ.R. 52(A).

**{¶24}** Accordingly, Mr. Graves' third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF STRICKLAND V. WASHINGTON, THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶25}** In Mr. Graves' fourth assignment of error, he argues that his counsel was ineffective for not moving to dismiss on the venue grounds raised in his first two assignments of error. However, as discussed above, this argument is without merit. He also argues that his counsel was ineffective for failing to object to Ms. Scott's testimony about Mr. Graves stealing

money from her and her testimony concerning the criminal histories of other members of their family.

{¶26} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984).

{¶27} It is clear from the record that Mr. Graves' counsel allowed Ms. Scott to testify about Mr. Graves stealing from her because he believed that it would undermine her credibility. Counsel cross-examined Ms. Scott about her reasons for coming forward and accusing Mr. Graves of robbing Mr. Stewart and Mr. Finley. Mr. Graves also admitted to stealing the money from her and testified that she had threatened him if he did not return the money. Given that Ms. Scott was the only witness who tied Mr. Graves to the robbery, we cannot say that counsel was ineffective for attempting to undermine her credibility by establishing her bias against Mr. Graves. *See State v. Elmore*, 111 Ohio St.3d 515, 2006–Ohio–6207, ¶ 116 ("Debatable trial tactics generally do not constitute ineffective assistance of counsel.").

{¶28} Mr. Graves also argues that his counsel was ineffective for not objecting to Ms. Scott's testimony that she felt compelled to testify because otherwise "crimes will continue to be committed." Contrary to Mr. Graves' assertion that his counsel failed to object to the testimony, not only did his counsel object to the testimony, he actually objected immediately before Ms. Scott made the comment. However, the trial court overruled the objection. Thus, to the extent that the testimony was improper, we cannot conclude that Mr. Graves' counsel was ineffective

because he timely objected to the testimony and Mr. Graves has not suggested any other action his counsel could or should have taken after his objection had been overruled. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, * 8 (May 6, 1998) (noting that it is not this Court's duty to create an appellant's argument).

{¶29} Finally, Mr. Graves argues that his counsel should have objected to Ms. Scott's testimony that she had "an older cousin and a brother and now a younger cousin [(Mr. Graves)] that[ are] all facing the same fate." However, even assuming that Mr. Graves' counsel was deficient for not objecting to Ms. Scott's testimony, we cannot conclude that Ms. Scott's reference to Mr. Graves, her brother, and her older cousin prejudiced Mr. Graves. Mr. Graves testified that he had come down to visit Ms. Scott so that he could attend her brother's trial. Given that Mr. Graves himself brought up Ms. Scott's brother's legal problems, it is difficult to how Ms. Scott mentioning him was prejudicial. Furthermore, as discussed in the third assignment of error, the reference to the older cousin was fleeting. Given that Mr. Stewart and Mr. Finley testified that the robber was looking for Spellman Court, where Ms. Scott lived, thus bolstering Ms. Scott's testimony that Mr. Graves was the man who robbed them, we cannot conclude that, but for the fleeting reference to Ms. Scott's older cousin, there was a reasonable probability that the outcome of the trial would have been different.

{¶30} Mr. Graves' fourth assignment of error is overruled.

III.

{¶31} Mr. Graves' assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.