OPINION
{¶ 1} Appellant, Theodore Baiduc III, appeals his conviction for one count of driving under the influence of alcohol or drugs. At issue is whether his guilty plea was voluntary and whether he received effective assistance of counsel. For the reasons that follow, his conviction is affirmed.
 {¶ 2} On July 21, 2005, appellant was charged in a two-count indictment with one count of operating a motor vehicle under the influence of alcohol or drugs ("OMVI") *Page 2 
having previously been convicted of or pleaded guilty to five or more violations of OMVI within the last twenty years, in violation of R.C.4511.19(A), a felony of the fourth degree (First Count), and one count of speeding, in violation of R.C. 4511.21(A), a minor misdemeanor (Second Count). The previous pleas or convictions charged were in the Chardon Municipal Court, to-wit: Case No. 45605, dated August 17, 2004; Case No. 02TR 00284, dated April 3, 2002; Case No. 91T05047, dated August 6, 1991; Case No. 87TR06917, dated January 21, 1988; and Case No. 86C5316, dated September 16, 1986. The First Count included a specification based on the five prior convictions, which carried a mandatory term of imprisonment of one to five years.
 {¶ 3} The state and appellant entered into a plea agreement whereby, in exchange for appellant's agreement to plead guilty to the amended First Count of OMVI without the specification, a fourth-degree felony, the state agreed to dismiss the specification and the Second Count of the indictment.
 {¶ 4} On September 22, 2005, the trial court conducted a guilty plea hearing. Appellant entered a guilty plea to the First Count without the specification. Appellant's trial counsel advised the court that he was satisfied appellant's guilty plea was knowing and voluntary. The court found that appellant's guilty plea was knowingly, voluntarily, and intelligently made. The court accepted appellant's guilty plea, and found him guilty of OMVI with five previous convictions of or guilty pleas to OMVI within the last twenty years, a felony of the fourth degree.
 {¶ 5} On November 16, 2005, the court conducted a sentencing hearing. Upon motion by the state, the court dismissed the specification under the First Count and the *Page 3 
Second Count. The trial court noted that in August, 1997, it had placed appellant on community control. There was a psychological evaluation with a recommendation that he enroll in a substance abuse treatment program. Within one month of his release from jail, appellant tested positive for marijuana. In connection with his OMVI case in 2002, appellant was given "a three-day program." The court found he had served a prior prison term and committed the present offense while he was on probation for a prior OMVI conviction.
 {¶ 6} The court sentenced appellant to a mandatory term of sixty days in prison plus an additional term of thirteen months in prison.
 {¶ 7} On June 12, 2006, appellant filed a motion for delayed appeal which was subsequently granted.
 {¶ 8} Appellant asserts the following assignments of error:
 {¶ 9} "[1] THE DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED BECAUSE HE WAS NOT ADVISED THAT PRIOR UNCOUNSELED CONVICTIONS COULD NOT BE USED TO ENHANCE THE PUNISHMENT.
 {¶ 10} "[2] THE DEFENDANT WAS DENIED OF HIS (SIC) CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE USE OF PRIOR CONVICTIONS FOR DRIVING UNDER THE INFLUENCE WITHOUT DETERMINING IF SUCH PRIOR CONVICTIONS WERE MADE WITH THE ASSISTANCE OF COUNSEL." *Page 4 
 {¶ 11} Under his first assignment of error, appellant argues his guilty plea was involuntary because the trial court failed to advise him that prior OMVI offenses could not be used to enhance the degree of his current offense unless he was represented by counsel in the prior cases. Appellant has failed to cite any authority in support of this argument. He concedes in his brief that under applicable authority, he had the burden to raise the issue of uncounseled convictions in the trial court. However, he failed to do so.
 {¶ 12} In general, a prior conviction cannot be collaterally attacked in a subsequent criminal case. However, a conviction cannot be used to enhance the degree of a subsequent offense if the prior conviction was obtained without assistance of counsel. Nichols v. United States (1994),511 U.S. 738; see, also, State v. Brandon (1989), 45 Ohio St.3d 85, 86.
 {¶ 13} An uncounseled conviction is one where the defendant was not represented by counsel and where he did not make a knowing and intelligent waiver of counsel. State v. Carrion (1992),84 Ohio App.3d 27, 31.
 {¶ 14} The Ohio Supreme Court has held that when challenging the use of a prior conviction, a criminal defendant must assert an objection in the trial court regarding the use of the conviction and then must present sufficient evidence to establish a prima-facie showing of a constitutional infirmity. State v. Adams (1988), 37 Ohio St.3d 295, 297.
 {¶ 15} In considering the use of a prior conviction to enhance the degree of a criminal offense, the Ohio Supreme Court in Brandon held: *Page 5 
 {¶ 16} "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." Id. at syllabus.
 {¶ 17} The court in Brandon held that, unless the defendant presents evidence in the trial court that his prior convictions were uncounseled, "[w]e presume [his] prior convictions were counseled because this presumption validates the judgment of the trial court." Id. at 87. The court further held that a defendant's burden to establish a prima-facie showing that his prior convictions were uncounseled is "hardly difficult." If the defendant simply testified his prior convictions were uncounseled, this would have established a prima-facie showing of constitutional infirmity. The court held that because the defendant failed to meet this burden, it was required to presume his prior convictions were counseled and that the convictions could be used to enhance his penalty. Id. at 88.
 {¶ 18} Only after a prima-facie showing has been made does the burden shift to the state to prove the defendant's prior convictions were counseled. Id.
 {¶ 19} There is no evidence in the record below that any of the prior convictions used by the state to enhance the degree of the current OMVI offense to a felony of the fourth degree was uncounseled. As a result, pursuant to Brandon, we must presume the proceedings in each of the five prior cases resulting in an OMVI conviction were conducted in accord with the rules of law and that in each case appellant was represented by counsel. *Page 6 
 {¶ 20} This court and other districts have declined to take judicial notice of court records and the records of county agencies in prior proceedings. In Diversified Mortgage Investors, Inc. v. Athens CountyBd. Of Revision (1982), 7 Ohio App.3d 157, the Fourth District held: "[A trial] court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of the proceedings in the immediate case." Id. at 159.
 {¶ 21} The Eighth District quoted with approval the foregoing holding of the Fourth District in Diversified, supra, in D B ImmobilizationCorp. v. Dues (1997), 122 Ohio App.3d 50, in holding that the trial court erred in taking judicial notice in a civil case of a plea agreement made by the defendant in a prior case. The Eighth District held: "The rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court accurately interpreted the prior case because the record of the prior case is not before the appellate court." Id. at 53.
 {¶ 22} In State v. Taylor (1999), 135 Ohio App.3d 634, the Sixth District held: "A court cannot take notice of proceedings in separate actions even when the separate actions involve the same parties and were before the same court." Id. at 639 n. 5. The Sixth District cited the holding of this court in State v. Raymundo (Aug. 18, 1995), 11th Dist. No. 94-T-5039, 1995 Ohio App. LEXIS 3395, in support. In that case this court held: "A trial court cannot take [judicial] notice of proceedings in separate actions * * *." Id. at *9.
 {¶ 23} In Country Club Hills Homeowners Ass'n v. Jefferson Metro.Hous. Auth. (1981), 5 Ohio App.3d 77, the Seventh District held that the trial court could not take *Page 7 
judicial notice that plaintiffs were property owners and taxpayers because "placing the burden on the trial judge to check the records of the county recorder's office" is not a fact capable of ready determination. Id. at 79.
 {¶ 24} Finally, this court addressed the issue in Maloney v.Maloney (1986), 34 Ohio App.3d 9. In that case this court held: "A court may not take judicial notice of arrearages in alimony payments as stated in official records of the court's bureau of support. Instead, the records must be authenticated and admitted into evidence." Id. at paragraph two of the syllabus. The Sixth District quoted with approval this court's holding in Maloney, supra, in Pruden-Wilgus v. Wilgus
(1988), 46 Ohio App.3d 13, 15.
 {¶ 25} Because the record is silent concerning the uncounseled nature of appellant's prior convictions, he has waived on direct appeal any challenge based upon those prior proceedings. It would appear that the proper forum to introduce such material would be in post conviction proceedings.
 {¶ 26} The case of State v. Brooke (2005), 165 Ohio App.3d 409, cited by appellant, is inapposite since the defendant there filed a motion to dismiss in the trial court supported by a sworn affidavit in which she stated that she was unrepresented by counsel in each of her prior OMVI convictions. After the court denied her motion, she pleaded no contest and appealed the court's denial of her motion. In contrast, appellant failed to present any evidence on this issue to the trial court.
 {¶ 27} Appellant's first assignment of error is without merit.
 {¶ 28} In his second assignment of error, appellant states his counsel was ineffective because he failed to object to the use of his prior convictions without *Page 8 
determining if they were made with the assistance of counsel. However, appellant's argument does not address this assignment. Instead, he argues under this assignment of error that because counsel did not advise him during the guilty plea hearing that uncounseled prior convictions could not be used to enhance the degree of an offense, his plea was not voluntary.
 {¶ 29} An appellant's brief is required to include an argument containing his contentions with respect to each assignment of error. App. R. 16(A). Since appellant does not present any argument in support of his second assignment of error, but rather argues his plea was involuntary due to the insufficient advice of his trial counsel, we will construe the assignment of error consistent with the argument presented.
 {¶ 30} The standard of review for ineffective assistance of counsel is whether the representation of trial counsel fell below an objective standard of reasonableness and whether the defendant was prejudiced as a result of the deficient performance. The defendant must show counsel's performance was deficient and the deficient performance prejudiced the defendant so as to deprive him of a fair trial. Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 31} The Supreme Court in Strickland held: "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's performance was reasonable considering all the circumstances. * * * Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the *Page 9 
conduct from counsel's perspective at the time." Strickland, supra, at 688-689. There is a strong presumption that the attorney's performance was reasonable. Id. In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 58-59; see, also, State v. Curd, 11th Dist. No. 2003-L-030, 2004-Ohio-7222, at ¶ 110.
 {¶ 32} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378, *4; see, also, State v. Kapper (1983), 5 Ohio St.3d 36, 38. In Malesky, the court held:
 {¶ 33} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows his plea was voluntary." Id. at *5.
 {¶ 34} In Kapper the Supreme Court held:
 {¶ 35} "* * * [A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. * * *" Id. at 38. *Page 10 
 {¶ 36} In State v. Wyley (Oct. 20, 1994), 8th Dist. No. 66163, 1994 Ohio App. LEXIS 4708, the defendant argued his guilty plea was involuntary due to ineffective assistance of counsel in that he pleaded guilty on his counsel's advice after being falsely told by counsel that his motions to suppress had been overruled. The Eighth Appellate District affirmed the conviction, holding that the defendant's allegations were not supported by affidavit or other materials substantial enough to rebut the record which showed his plea was voluntary.
 {¶ 37} The record below demonstrates that appellant's guilty plea was voluntarily made. He understood the offense to which he would plead guilty, and the potential sentence which could be imposed. The record further shows that appellant was not under the influence of drugs or alcohol; he understood the terms of the plea agreement; and he had had sufficient time to discuss the plea agreement with his attorney. After the court informed appellant of his trial rights pursuant to Crim. R. 11, including the requirement that the state would have to prove he was driving under the influence and had been convicted of five prior OMVI offenses, he waived his right to trial. Appellant's trial counsel advised the court he was satisfied appellant's guilty plea was knowing and voluntary.
 {¶ 38} Further, appellant received the benefit of his bargain. In exchange for his plea of guilty to the amended First Count, the state moved to dismiss and the court dismissed the specification and the remaining count.
 {¶ 39} While appellant argues on appeal his guilty plea was involuntary because his counsel failed to advise him concerning the requirement that previous convictions be *Page 11 
counseled, there are no affidavits or other supporting materials in the record below substantial enough to rebut the record which demonstrates that appellant's guilty plea was voluntary. In fact, the record below is devoid of any evidentiary materials concerning trial counsel's alleged failure to advise appellant concerning his five prior OMVI convictions.
 {¶ 40} Because there is nothing in the record to demonstrate what was or was not explained to appellant concerning his five prior convictions, we cannot conclude that counsel's advice or lack thereof was deficient.
 {¶ 41} For the foregoing reasons, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.
 {¶ 42} Further, appellant cannot meet the second prong of theStrickland test because he admitted he understood the terms of the plea and had sufficient time to discuss it with his attorney. Moreover, there is no evidence in the record to demonstrate that appellant would not have pleaded guilty and would instead have insisted on a trial if his attorney had discussed the requirement that a defendant be represented by counsel for the state to be able to use his prior conviction to enhance the degree of his offense. Finally, as indicated, supra, there is no evidence in the record below that appellant was not represented by counsel during any of the prior offenses. Pursuant to the Ohio Supreme Court's holding in Brandon, supra, we must therefore presume that appellant was represented by counsel for each of the five previous convictions.
 {¶ 43} Appellant's second assignment of error is without merit.
 {¶ 44} The stay of execution of appellant's sentence is herewith dissolved. *Page 12 
 {¶ 45} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this Court that the judgment of the Geauga County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs,