[Cite as *State v. Wilder*, 2013-Ohio-2617.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-076** |
| CURTIS L. WILDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000164.

Judgment: Affirmed in part, reversed in part and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Curtis L. Wilder, appeals his conviction and sentence in the Lake County Court of Common Pleas, for Attempted Engaging in a Pattern of Corrupt Activity, Grand Theft of a Motor Vehicle, Possession of Heroin, and two counts of Receiving Stolen Property. Wilder was sentenced to serve an aggregate prison term of sixty-six months and ordered to pay fines in the aggregate amount of $60,550.81. The issues before this court are whether the failure to advise a defendant

about the amount of restitution renders a guilty plea invalid, whether a trial court errs by not holding a hearing on the amount of restitution, and whether trial counsel is constitutionally ineffective for not objecting to the failure to hold a hearing on restitution. For the following reasons, we affirm Wilder's guilty plea, reverse his sentence with respect to restitution only, and remand this matter for further proceedings consistent with this opinion.

{¶2} On April 27, 2012, Wilder was indicted by the Lake County Grand Jury for the following: Engaging in a Pattern of Corrupt Activity (Count 1), a felony of the second degree in violation of R.C. 2923.32(A)(1); Grand Theft of a Motor Vehicle (Count 2), a felony of the fourth degree in violation of R.C. 2913.02(A)(1); three counts of Possessing Criminal Tools (Counts 3, 4 and 5), felonies of the fifth degree in violation of R.C. 2923.24; Breaking and Entering (Count 6), a felony of the fifth degree in violation of R.C. 2911.13(B); Possession of Heroin (Count 7), a felony of the fifth degree in violation of R.C. 2925.11; two counts of Receiving Stolen Property (Counts 8 and 9), misdemeanors of the first degree in violation of R.C. 2913.51; and Attempted Grand Theft of a Motor Vehicle (Count 10), a felony of the fifth degree in violation of R.C. 2923.02 and 2913.02(A)(1).

{¶3} On June 5, 2012, a change of plea hearing was held. At the hearing, the trial court acknowledged the filing of a subsequent twelve-count Indictment in Case No. 12CR000293. The court continued:

{¶4} It's been presented to me that you wish to plead guilty to an amended Count 1, which would be attempted engaging in a pattern of corrupt activity, a felony of the third degree. * * * So in essence

2

you would be pleading to the lesser included offense to Count 1 as originally indicted. * * * In addition, it's been proposed that you plead guilty to Count 2, grand theft of a motor vehicle; count 7, possession of heroin with a forfeiture specification; and Counts 8 and 9, both receiving stolen property, both misdemeanors of the first degree. The bottom line is your maximum exposure here is 5 ½ years in prison, and fines of $9,500 plus 3 times the gross loss caused as a result of Count 1.

{¶5} The trial court proceeded to review the Written Plea of Guilty and the factual predicate for the charges:

{¶6} On or between November 18th, 2011 and March 8th, 2012 as a part of a course of criminal conduct with offenses committed in Lake County, Ohio, you engaged purposely or knowingly in conduct that if successful would constitute or result in the commission of the crime of engaging in a pattern of corrupt activity * * *. Predicate acts in this case constituting the pattern of corrupt activity of said enterprise include but are not limited to, * * * grand theft of a motor vehicle as alleged in count 2 of the indictment * * *, receiving stolen property as alleged in counts 8 and 9 of the indictment, and are alleged as predicate acts. * * *

{¶7} Count 2 of the newer indictment says that on March 8, 2012 in the city of Mentor in Lake County, Ohio you with purpose to deprive Brian R. Dudich, the owner of property, namely a black 2003 Ford

3

F-250 truck * * *, knowingly obtained or exerted control over that property without Dudich's consent or someone authorized to give consent, the property being a motor vehicle as defined by law. That is called grand theft of a motor vehicle. * * *

{¶8} Count 7 says that on March 8th, 2012 in the city of Mentor in Lake County, Ohio, you knowingly obtained, possessed, or used heroin, a Schedule 1 controlled substance, * * * measured at 0.09 grams. This is called possession of heroin.

{¶9} Count 8 says that on March 8th, 2012 in the city of Mentor in Lake County, Ohio, you received, retained, or disposed of certain property, being miscellaneous tools, the property of Michael Bunt, you knowing or having reasonable cause to believe that the property was stolen. The value of the property being less than $1,000.00, specifically it was $490.00. That is called receiving stolen property. * * *

{¶10} Count 9 says that on March 8th, 2012 in the city of Mentor in Lake County, Ohio, you received, retained, or disposed of certain property, being a nail gun. The property of William Randall, you knowing or having reasonable cause to believe that the property was stolen. The value of the property being less than $1,000.00, namely it was $350.00. And that is called receiving stolen property. * * *

{¶11} The trial court reviewed the maximum fines for each of the charges, being $10,000.00 for Count 1, $5,000.00 for Count 2, $2,500 for Count 7, and $1,000.00 for Count 8 and Count 9. The court reiterated: "You understand that your maximum exposure on this case is 5 ½ years in prison plus 3 times the gross loss caused in Count 1." The court added: "You understand that I would order you to pay restitution to the victims [for] any * * * amount that the victims are out?"

{¶12} Immediately after the entry of Wilder's guilty plea, the trial court proceeded to sentencing. The court sentenced Wilder to serve thirty-six months in prison on amended Count 1 (Attempted Engaging in a Pattern of Corrupt Activity), eighteen months on Count 2 (Grand Theft of a Motor Vehicle), and twelve months on Count 7 (Possession of Heroin), to be served consecutively for an aggregate prison term of sixty-six months

{¶13} The trial court further imposed a fine of $53,550.81 on amended Count 1, $5,000.00 on Count 2, $1,000.00 on Count 8, and $1,000.00 on Count 9, for a total in fines of $60,550.81. The court ordered "the defendant * * * to make restitution to the victims of the defendant's criminal act, in the amount of Seven Hundred Twenty-Five Dollars ($725.00) to Brian Dudich; and a maximum of Seventeen Thousand Eight Hundred Fifty Dollars and Twenty-seven Cents ($17,850.27) to Mike Bunt (less any recovery from the police impound), the victims' economic loss. The order of restitution payable to Mike Bunt is included in, and is part of, the fine ordered on amended Count 1."

{¶14} On June 6, 2012, the State filed a Notice of Total Value of Recovered Property, stating that "a total of $2,865.00 worth of Mr. Bunt's property has been recovered by law enforcement during the investigation of this matter."

{¶15} On June 8, 2012, the trial court entered its written Judgment Entry, memorializing Wilder's sentence.

{¶16} On July 3, 2012, Wilder filed a Notice of Appeal. On appeal, Wilder raises the following assignments of error:

{¶17} "[1.] Appellant/defendant's guilty plea was not knowingly, intelligently, and voluntarily entered when he was not informed about the amount of restitution that could be imposed in this matter at the time of his change of plea."

{¶18} "[2.] The trial court erred by imposing restitution without holding a hearing under Ohio Revised Code Section 2929.18."

{¶19} "[3.] The appellant/defendant's constitutional right to effective assistance of counsel was violated when such counsel failed to object to the failure to hold a hearing on the issue of restitution."

{¶20} In the first assignment of error, Wilder argues that his guilty plea was not knowingly or intelligently made because he was "never fully informed of the extent of the possible restitution that he could be ordered to pay."

{¶21} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

6

**{¶22}** Before accepting a guilty plea, the trial court must follow the instructions provided in Criminal Rule 11, which, inter alia, requires the court to address the defendant personally and to "determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." Crim.R. 11(C)(2)(a). The mandate to advise a defendant of the "maximum penalty involved" is nonconstitutional and, therefore, reviewed for substantial compliance. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31 ("if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies"); *State v. Stewart*, 51 Ohio St.2d 86, 91-92, 364 N.E.2d 1163 (1977).

**{¶23}** "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Id.*; *Stewart* at 93 ("there must be some showing of prejudicial effect before a guilty plea may be vacated"). "The test is whether the plea would have otherwise been made." *Nero* at 108.

**{¶24}** In the present case, the trial court advised of the potential fines for each of the offenses to which Wilder was pleading guilty, including an amount up to "3 times the gross loss caused in Count 1 [Attempted Engaging in a Pattern of Corrupt Activity]," and that the court "would order" Wilder to pay restitution. *See* R.C. 2923.32(B)(2)(a) and 2929.18(A)(1) and (3). Thus, the court correctly advised Wilder of the potential financial

sanctions that could be imposed, and substantially complied with the mandate of Criminal Rule 11(C)(2)(a) regarding the maximum penalty.

{¶25} Wilder cites no authority for the proposition that he is entitled to be advised of the precise dollar amount of restitution that could or would be imposed as part of the final sentence to enter a voluntary guilty plea. *See United States v. Mason*, 6th Cir. No. 99-2124, 2000 U.S. App. LEXIS 15404, *6-7 (June 21, 2000) ("[d]efendant cites no authority, and indeed there is none, for the proposition that a defendant at the time he enters a guilty plea must be informed of the exact amount of restitution for which he may be liable"). In fact, such a proposition is impossible under Ohio's current sentencing scheme, which provides that the amount of restitution is to be determined "at sentencing." R.C. 2929.18(A)(1) ("[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender").

{¶26} Moreover, Wilder has failed to make any argument that he was prejudiced by not having the trial court anticipate the amount of restitution that would be ordered.[1]

{¶27} The first assignment of error is without merit.

{¶28} In the second assignment of error, Wilder argues that the trial court erred by failing to hold a hearing to determine the "economic loss" sustained by the victims as the basis for the fine imposed under Count 1[2] and the restitution order.

---

1. As a practical matter, a motion to withdraw a guilty plea provides a criminal defendant greater scope to demonstrate prejudice than a direct appeal does, in that a defendant may supplement the record by affidavit in a Criminal Rule 32.1 motion. *See State v. Mitchell*, 11th Dist. No. 2004-T-0139, 2006-Ohio-618, ¶ 16, fn. 2 ("the substantial compliance rule tends to defeat most guilty plea challenges on appeal unless prejudice is shown in the transcript of the plea hearing or the violation does not require a showing of prejudice") (citation omitted).

2. R.C. 2923.32(B)(2)(a) provides that a sentencing court may, "[i]n lieu of the fine authorized by [R.C. 2929.18], impose a fine not exceeding the greater of three times * * * the gross loss caused" by Engaging in a Pattern of Corrupt Activity. In order to impose this treble fine, the court must first determine the amount of the victims' economic loss as it would when ordering restitution.

{¶29} If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

R.C. 2929.18(A)(1).

{¶30} This court has held: "If a defendant does not object to the court's imposition of restitution at the sentencing hearing or request a hearing in order to dispute the order, the issue is waived on appeal save plain error." *State v. Whitman*, 11th Dist. No. 2011-L-131, 2012-Ohio-3025, ¶ 21. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

{¶31} In the present case, Wilder did not request a hearing or dispute the amount of restitution ordered at the sentencing hearing. However, the amount of restitution ordered by the trial court cannot be justified on the face of the record before us.

{¶32} The trial court ordered Wilder to pay a fine of $53,550.81 for Count 1, Attempted Engaging in a Pattern of Corrupt Activity, representing "three times the gross

9

loss" suffered by the victim, Michael Bunt, i.e. $17,850.27. R.C. 2923.32(B)(2)(a). Wilder's Corrupt Activity conviction was based on his conduct of Receiving Stolen Property, as described in Counts 8 and 9. According to Count 8, Wilder received, retained, or disposed of certain "miscellaneous tools" belonging to Michael Bunt, with a specific dollar value of $490.00. It is difficult to reconcile the loss of $490.00 worth of tools for which Wilder pled guilty with the unspecified economic loss of $17,850.27 determined at sentencing.

{¶33} This court has held that an order of restitution must bear a "reasonable relationship" to the actual loss suffered. *State v. Mordas*, 11th Dist. No. 2009-P-0028, 2010-Ohio-196, ¶ 34 (cases cited); *State v. Agnes*, 11th Dist. No. 99-L-104, 2000 Ohio App. LEXIS 4653, *24 (Oct. 6, 2000) ("there must be sufficient evidence in the record from which the court can ascertain the amount of restitution to a reasonable degree of certainty").

{¶34} There is no evidence in the record, such as a statement by the victim or a presentence investigation report, suggesting how the $17,850.27 of economic loss was determined. At sentencing, the trial court stated that it had considered "the pre-sentence report in the Jones case, the co-defendant -- including the victim impact [statement] from the Jones case." It is improper for a court to impose an order of restitution based on evidence submitted in another case. "A [trial] court cannot take [judicial] notice of proceedings in separate actions even when the separate actions involve the same parties and were before the same [trial] court." *State v. Baiduc*, 11th Dist. No. 2006-G-2711, 2007-Ohio-4963, ¶ 22, citing *State v. Raymundo*, 11th Dist. No. 94-T-5025, 1995 Ohio App. LEXIS 3395, *9 (Aug. 18, 1995). Such a procedure violates

10

the defendant's due process right that restitution bear a reasonable relationship to the loss suffered and deprives this court of the ability to review the propriety of the amount of restitution ordered. *In re Czika*, 11th Dist. No. 2007-L-009, 2007-Ohio-4110, ¶ 7 (cases cited); *State v. Ford*, 9th Dist. No. 26457, 2013-Ohio-1768, ¶ 11 (cases cited).

**{¶35}** In the present case, the only evidence of actual loss caused by Wilder's criminal activity was the plea to Receiving Stolen Property, consisting of $490.00 worth of "miscellaneous tools" belonging to Michael Bunt. Accordingly, the evidence before the lower court in this case cannot sustain the fine of $53,550.81 imposed for Count 1 or the order of restitution in the amount of $17,850.27. R.C. 2929.18(A)(1) (providing that a court may order restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss").

**{¶36}** The second assignment of error is with merit.

**{¶37}** In the third assignment of error, Wilder argues that trial counsel was constitutionally ineffective for not requesting a hearing to determine the amount of "victim's economic loss," which forms the basis of the restitution order and the amount of the fine for Count 1 (Attempted Engaging in a Pattern of Corrupt Activity), or objecting to the order of restitution. Inasmuch as the trial court's imposition of financial sanctions constituted plain error, trial counsel was ineffective for failing to object to the trial court's determination of the amount of the victim's economic loss and Wilder suffered prejudice as a result thereof.

**{¶38}** The third assignment of error is with merit.

**{¶39}** For the foregoing reasons, Wilder's convictions for Attempted Engaging in a Pattern of Corrupt Activity, Grand Theft of a Motor Vehicle, Possession of Heroin, and

11

two counts of Receiving Stolen Property, are affirmed, and Wilder's sentence with respect to the imposition of a $53,550.81 fine for Attempted Engaging in a Pattern of Corrupt Activity and of $17,850.27 for restitution is reversed. In all other respects, Wilder's sentence is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion.

––––––––––––––––––––––

TIMOTHY P. CANNON, P.J., concurring.

{¶40} I respectfully concur with the opinion of the majority. I write separately to point out that appellant entered a plea of guilty to Count 1—*attempted* engaging in a pattern of corrupt activity, in violation of R.C. 2923.02 and R.C. 2923.32(A)(1). Engaging in a pattern of corrupt activity under R.C. 2923.32 is a felony of the second degree. Under the attempt statute, it becomes one degree less, a felony of the third degree. Although it has not been raised by the parties, on remand, there is a question that should be addressed as to whether conviction of *attempted* engaging in a pattern of corrupt activity subjects a defendant to the treble fine imposed pursuant to R.C. 2923.32(B)(2)(a).

12